IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | No. 1:25-bk-02775-HWV |
| COMPREHENSIVE HEALTHCARE | : | |
| MANAGEMENT SERVICES, LLC | : | Chapter 11 |
| d/b/a BRIGHTON REHABILITION | : | |
| AND WELLNESS CENTER | : | |
| | : | |
| Debtor | : | |

**DEBTOR'S MOTION FOR APPROVAL FOR DEBTOR
TO UTILIZE CASH COLLATERAL**

The Motion of Comprehensive Healthcare Management Services, LLC d/b/a Brighton Rehabilitation and Wellness Center ("Debtor"), by and through its attorneys, Cunningham, Chernicoff & Warshawsky, P.C., for Approval for Debtor to Utilize Cash Collateral is as follows:

1. On September 29, 2025, the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "Code"). As a result thereof, the Debtor has been appointed as a Debtor-in-Possession and operates its business and manages its assets.

2. The Debtor is a Pennsylvania limited liability company engaged in the healthcare business and specifically owns and operates a skilled nursing facility having approximately 600 beds (the "Business").

3. The United States Department of Housing and Urban Development ("HUD") has a first priority security interest and lien on all articles of tangible personal property, including all fixtures, furniture, equipment as well as all accounts receivable, accounts,

cash, general intangibles and other personal property. It is believed that approximately $54,000,000.00 is owed to HUD.

4. The lien interest of HUD also includes any lien interest formerly or currently in the name of Orix Real Estate Capital, LLC as the co-obligee of the loan in the approximate amount of $54,000,000.00.

5. The first priority security interest and lien of HUD is believed to be properly protected by a UCC filing in the Pennsylvania Department of State.

6. Twomagnets LLC d/b/a Clipboard Health ("Twomagnets") is believed to hold a second priority security interest in the personal property of the Debtor, including accounts, accounts receivable up to $2,000,000.00 and cash. Twomagnets may be owed an amount in excess of $2,000,000.00.

7. The Debtor's accounts receivable, inventory and cash are Cash Collateral (the "Cash Collateral") as defined in Section 363 of the Bankruptcy Code.

8. The Debtor is believed to have assets as follows:

    a. Accounts Receivable of approximately $17,165,542.69

    b. Equipment having a value of approximately $3,579,083.41

    c. Inventory having a value of approximately $0.00

    d. Cash on hand of approximately $500,000.00

9. HUD has its first priority lien and has as as its collateral, all of the Cash Collateral of the Debtor. Any lien of Twomagnets in Cash Collateral is subordinate, however, to the lien of HUD.

Case 1:25-bk-02775-HWV    Doc 10    Filed 10/01/25    Entered 10/01/25 14:13:04    Desc
Main Document      Page 2 of 5

10. HUD also has a lien upon the real property in which the Debtor's business operates which is located at 246 Friendship Circle, Beaver, Pennsylvania (the "Real Property")

11. Nonetheless, as a result of the collateral upon which HUD may have a lien, including the Debtor's Cash Collateral and Real Property, the Debtor believes that HUD may have adequate protection for the amount owed to it.

## THE NEED FOR CASH

12. The Debtor currently has approximately two hundred fifty (250) employees. The Debtor is operating and needs to retain its employees to continue operations and to provide services to the Debtor's patients.

13. The Debtor has additional cash needs for the payment of utilities, insurance, payroll and other operating expenses. Attached hereto as Exhibit "A" and made a part hereof is a thirty (30) day cash flow budget for the Debtor. The Debtor has instituted various overhead cuts and has made operational changes so that, as set forth on Exhibit "A", it is believed that the Debtor can continue to operate.

14. In addition to the items set forth on the budget, the Debtor will incur additional expenses as a result of the Chapter 11 filing, including additional payments for professionals and for Quarterly Fees owed to the Office of the U.S. Trustee.

15. As set forth above, the Debtor believes it can operate on a profitable basis. In addition to cutting overhead costs, the Debtor is taking steps to attempt to obtain additional reimbursements from insurers and the state and federal governments.

Case 1:25-bk-02775-HWV    Doc 10    Filed 10/01/25    Entered 10/01/25 14:13:04    Desc
Main Document      Page 3 of 5

16. Unless the Debtor is allowed to pay its expenses and continue its operations, great harm will occur to the Debtor and to its estate as well as to the Debtor's creditors.

17. In order to provide adequate protection to HUD and Twomagnets (the "Lenders"), the Debtor proposes to provide the Lenders with replacement liens in post-Petition Cash Collateral, and all other assets in which the Lenders have a pre-Petition security interests and liens and to the extent that the Lenders are secured in pre-Petition Cash Collateral. The replacement liens shall only be effective to the extent there is a diminution in the amount of Cash Collateral post-Petition. To the extent that such replacement liens are insufficient and the Lenders have a shortfall resulting any diminution resulting from the Debtor's use of Cash Collateral and all other categories of assets upon which the Lenders have pre-Petition liens, and to the extent the Lenders are secured in Cash Collateral, the Lenders shall be granted administrative claimc superior in priority to all other administrative claims except for claims of professionals in this case and fees owed to the Office of the U.S. Trustee. Such replacement liens shall be effective without further recordation.

18. Given HUDS' and Twomagnets' collateral positions, the Debtor believes that HUD and Twomagnets are adequately protected.

19. The Debtor will provide financial information to HUD and Twomagnets as reasonably requested, upon prior notice.

**WHEREFORE**, Comprehensive Healthcare Management Services, LLC, the above-named Debtor, respectfully requests that this Honorable Court enter an Order:

     a.     Allowing the Debtor to utilize its cash, receivables, inventory, and cash from the receivables, notwithstanding any alleged lien and security interest of any party;

     b.     Granting replacement liens to the United States Department of Housing and Urban Development and Twomagnets LLC d/b/a Clipboard Health, as set forth above. Conditioning the Debtor's use of Cash Collateral upon the granting of replacement liens to the United States Department of Housing and Urban Development and Twomagnets LLC with such replacement lien to be in post-Petition inventory, receivables and cash to the extent there is any diminution in value of the United States Department of Housing and Urban Development's and Twomagnets LLC's collateral position, as it may exist pre-Petition, as well as a continuing lien in all categories of assets as the United States Department of Housing and Urban Development and Twomagnets LLC holds in pre-Petition assets of the Debtor. All such liens granted to the United States Department of Housing and Urban Development and Twomagnets LLC shall be in such priority as exists pre-Petition. Further the United States Department of Housing and Urban Development and Twomagnets LLC shall have an administrative claim to the extent that the post-Petition Collateral proves insufficient to replace the diminution in Cash Collateral, with such administrative claims, having priority over all administrative claims except those of fees owed to professionals in the case and to the Office of the U.S. Trustee;

     c.     Granting the Debtor such other and further relief as is just and proper.

                                          CUNNINGHAM, CHERNICOFF  
                                          & WARSHAWSKY, P.C.

                                          By:    /s/ Robert E. Chernicoff  
                                          Robert E. Chernicoff, Esquire  
                                          Attorney I.D. No. 23380  
                                          2320 North Second Street  
                                          P. O. Box 60457  
                                          Harrisburg, PA 17106-0457  
                                          (717) 238-6570

Date: October 1, 2025