IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | No. 1:25-bk-02775-HWV |
| COMPREHENSIVE HEALTHCARE | : | |
| MANAGEMENT SERVICES, LLC | : | Chapter 11 |
| d/b/a BRIGHTON REHABILITION | : | |
| AND WELLNESS CENTER | : | |
| | : | |
| Debtor | | |

**MOTION TO PERMIT FILING OF FEE APPLICATIONS
FOR PROFESSIONALS EVERY THIRTY (30) DAYS**

The Motion of Comprehensive Healthcare Management Services, LLC d/b/a Brighton Rehabilitation and Wellness Center (the "Debtor") for approval to file Applications for Compensation as to Professionals of the Debtors earlier than 120 days after the start of the case and to file every thirty (30) days after the prior fee application, is as follows:

1. On September 29, 2025, the Debtor filed a Petition under Chapter 11 of the Bankruptcy Code (the "Petition Date")

2. The case will involve a considerable amount of services on the part of the Professionals. The case involves a skilled nursing facility with approximately 600 beds. There will also be issues with state and federal agencies. As a result, there will be a large amount of transactions in the case. There will be a great deal of work for professionals as to these cases.

3. The Debtor also believes that over the next thirty (30) days and thereafter, and as set forth above, there will be a considerable amount of work to be performed by the professionals as well as a possible sale.

4. Waiting until 120 days after the date of the first and successive Fee Applications for the filing of Fee Applications will cause a financial hardship on the professionals in this case.

5. While Section 331 sets forth that interim fee applications may be filed every 120 days, it expressly permits the Court, in appropriate circumstances, to permit fee applications to be filed more frequently. 11 U.S.C. § 331. Courts have generally allowed professionals, where appropriate, to file fee applications more frequently. See, e.g., *In re Bennett Funding Group, Inc.*, 213 B.R. 227, 232 (Bankr. N.D.N.Y. 1997); *In re Kaiser Steel Corp.*, 74 B.R. 885, 892 (Bank. D. Colo. 1987).

6. It is generally accepted that where retained professionals "are investing huge quantities of time . . . receiving payment only once every four months may impose an intolerable burden on them and may place them at a significant disadvantage to the professionals retained by the creditors." *In re Mariner Post-Acute Network, Inc.*, 257 B.R. 723, 727-28 (Bankr. D. Del. 2000) (citation omitted).

7. As set forth above, the Debtor's case and transactions are large and will involve large expenditures by professionals. Because of the large amount of fees which will accrue for the professionals, if professionals must wait every 120 days for the filing of Applications for Approval of Compensation, it will be a hardship on such professionals.

8. Accordingly, the Debtor requests that the Court enter an Order permitting the filing of Applications for Approval of Interim Compensation by Professionals every thirty (30) days.

**WHEREFORE**, it is respectfully requested this Court enter an Order approving the allowance of the filing of Applications for Interim Compensation for Professionals in the case every thirty (30) days and that the Court award such other and further relief as is just and proper.

                                                  Respectfully submitted:

                                                  CUNNINGHAM, CHERNICOFF
                                                  & WARSHAWSKY, P.C.

                                                  By:   /s/ Robert E. Chernicoff
                                                      Robert E. Chernicoff, Esquire
                                                      Attorney I.D. No. 23380
                                                      2320 North Second Street
                                                      P. O. Box 60457
                                                      Harrisburg, PA 17106-0457
                                                      (717) 238-6570

Date: October 1, 2025