IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Case No. 1:25-bk-02775-HWV |
| COMPREHENSIVE HEALTHCARE | : | |
| MANAGEMENT SERVICES, LLC | : | Chapter 11 |
| d/b/a BRIGHTON REHABILITION | : | |
| AND WELLNESS CENTER | : | |
| | : | |
| Debtor | : | |

## INTERIM ORDER PROVIDING ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES

Upon consideration of the Motion of Comprehensive Healthcare Management Services, LLC d/b/a Brighton Rehabilitation and Wellness Center ("Debtor") requesting entry of an Interim and Final Order Providing for Adequate Assurance of Payment for Future Utility Services (the "Motion")[1], and the Court having held a hearing on such Motion, and it appearing that sufficient and good cause for the Motion for entry of an Interim Order and for good cause has been shown; it is

**ORDERED** that:

1. The Utility Providers (as set forth on Exhibit "A") are forbidden to discontinue, alter or refuse service on account of any unpaid pre-petition charges, or require additional adequate assurance of payment other than the Proposed Adequate Assurance set forth in the Motion, pending entry of the Final Order.

2. A Utility Provider who requests and accepts an Adequate Assurance Deposit shall be deemed to have stipulated that the Adequate Assurance Deposit constitutes adequate assurance of future payment to such Utility Provider, and such Utility Provider shall be deemed to have waived any right to seek additional adequate assurance during the course of this Chapter 11 case.

3. A Utility Provider desiring an Adequate Assurance Deposit must serve an Adequate Assurance Request so that it is received by the following:

Cunningham, Chernicoff & Warshawsky, P.C.
2320 North Second Street
Harrisburg, PA 17110
Attention: Robert E. Chernicoff, Esquire

---

[1] Terms not defined in this Order shall have the meaning set forth in the Motion.

4. Any Adequate Assurance Request must (I) be made in writing; (ii) set forth the location for which utility services are provided; (iii) include a summary of the Debtor's payment history relevant to the affected account(s), including any security deposits, and (iv) set forth why the Utility Provider believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

5. Upon the Debtor's receipt of any Adequate Assurance Request at the addresses set forth above, the Debtor shall have the greater of (i) 14 days from the receipt of such Adequate Assurance Request or (ii) 30 days from the Petition Date (collectively, the "Resolution Period") to negotiate with such Utility Provider to resolve such Utility Provider's request for additional assurance of payment.

6. The Debtor may, in its discretion, resolve any Adequate Assurance Request by mutual agreement with the Utility Provider and without further order of the Court, and may, in connection with any such agreement, in its discretion, provide a Utility Provider with additional adequate assurance of future payment, including but not limited to cash deposits, prepayments and/or other forms of security, without further order of this Court if the Debtor believes such additional assurance is reasonable.

7. If the Debtor determines that the Adequate Assurance Request is not reasonable and is not able to reach an alternative resolution with the Utility Provider during the Resolution Period, the Debtor, during or immediately after the Resolution Period, may request a hearing before this Court to determine the adequacy of assurances of payment with respect to a particular Utility Provider (the "Determination Hearing") pursuant to Section 366(c)(3) of the Bankruptcy Code.

8. Pending resolution of any such Determination Hearing, such particular Utility Provider shall be restrained from discontinuing, altering, or refusing service to the Debtor on account of unpaid charges for pre-petition services or on account of any objections to the Proposed Adequate Assurance.

9. Any Utility Provider who objects to the Adequate Assurance Procedures set forth above must file an objection to such procedures (the "Procedure Objection") so that it is actually filed within 20 days of the later of (a) entry of the Interim Order and (b) the Utility Provider's addition to the Utility Service List pursuant to paragraph 16 of the Interim Order, as applicable, and received by counsel to the Debtor, Cunningham, Chernicoff & Warshawsky, P.C., at 2320 North Second Street, Harrisburg, PA 17110-1008, Attention: Robert E. Chernicoff, Esquire, Facsimile number 717-238-4809, within such 20 day period.

10. Any Procedure Objection must (i) be made in writing; (ii) set forth the location for which utility services are provided; (iii) include a summary of the Debtor's payment history relevant to the affected account(s), including any security deposits; (iv) set forth why the Utility Provider believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment; and (v) set forth why the Utility Provider believes it should be exempted from the Adequate Assurance Procedures.

11. The Debtor may, in its discretion, resolve any Procedure Objection by mutual agreement with the Utility Provider and without further order of the Court.

12. If the Debtor determines that the Procedure Objection is not reasonable and is not able to reach a prompt alternative resolution with the Utility Provider, the Procedure Objection will be heard at the Final Hearing.

13. All Utility Providers who do not timely file a Procedure Objection are deemed to consent to the Adequate Assurance Procedures and shall be bound by the Adequate Assurance Procedures. The sole recourse of all Utility Providers who do not timely file a Procedure Objection shall be to submit an Adequate Assurance Request pursuant to the Adequate Assurance Procedures, and shall be enjoined from ceasing performance pending any hearing that may be conducted pursuant to the Adequate Assurance Procedures.

14. If no objections are filed, then this Interim Order shall become final. If timely Procedure Objections are filed, in order to resolve any Procedure Objections within 30 days following the Petition Date, the Final Hearing is set for October 28, 2025 at 10:30 a.m., in the United States Bankruptcy Court, The Sylvia H. Rambo US Courthouse, 1501 North 6th Street, Courtroom 4B, 4th Floor, Harrisburg, Pennsylvania

15. A Utility Provider shall be deemed to have adequate assurance of payment unless and until (a) the Debtor, in its sole discretion, agrees to an Adequate Assurance Request or agrees to an alternative assurance of payment with the Utility Provider during the Resolution Period or (b) this Court enters an order at the Final Hearing or any Determination Hearing requiring that additional adequate assurance of payment be provided.

16. The Debtor is authorized, in its sole discretion, to amend the Utility Service List to add or delete any Utility Provider, and this Order shall apply to any such Utility Provider that is subsequently added to the Utility Service List.

17. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

18. The Debtor shall serve a copy of this Order on each Utility Provider listed on the Utility Service List within two (2) business days of the date this Order is entered, and shall similarly serve this Order on each Utility Provider subsequently added by the Debtor to the Utility Service List.

19. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

By the Court,

_Henry W. Van Eck_ (signature)
Henry W. Van Eck, Chief Bankruptcy Judge
Dated: October 8, 2025

# EXHIBIT A

## UTILITY ACCOUNTS

## COMPREHENSIVE HEALTHCARE MANAGEMENT SERVICES, LLC

| Name | Account Nos. | Mailing Address |
|---|---|---|
| Columbia Gas | 19443642 001 000 5<br>20580662 001 000 4 | P.O. Box 70285<br>Philadelphia, PA 19176<br>dbokash@nisource.com |
| Duquesne Light | 1835-570-000<br>0635-570-000<br>9344-834-194<br>8494-045-591<br>7514-163-024<br>6298-320-212<br>5896-676-786<br>3712-158-546<br>2236-949-150<br>1599-348-117<br>1016-101-400<br>0800-779-475<br>0572-473-087<br>9422-204-566<br>6545-846-742<br>8049-156-069 | P.O. Box 371324<br>Pittsburgh, PA 15250 |
| Brighton Township | 02-11332.01 | 1300 Brighton Road<br>Beaver, PA 15009<br>kfedeles@brightontwp.org |
| Beaver Borough Sewage | 4-0571.00 | 469 3rd Street<br>Beaver, PA 15009<br>lchamp@beaverpa.us |