IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>COMPREHENSIVE HEALTHCARE<br>MANAGEMENT SERVICES, LLC<br>D/B/A BRIGHTON REHABILITATION<br>AND WELLNESS CENTER<br><br>         Debtor. | CHAPTER  11<br><br>CASE NO.  1-25-bk-02775-HWV<br><br>MATTER:  Motion For Relief<br>       From Automatic Stay<br><br>DOC. NO. |
| BRUCE N. NELSON, Sr., Individually and as ADMINISTRATOR of the Estate of JACQUELINE NELSON, Deceased,<br><br>         Movant,<br><br> vs.<br><br>COMPREHENSIVE HEALTHCARE MANAGEMENT SERVICES, LLC D/B/A BRIGHTON REHABILITATION AND WELLNESS CENTER,<br><br>         Respondent. | |

**MOVANT'S MOTION FOR RELIEF
FROM AUTOMATIC STAY OF 11 U.S.C. §362**

  Bruce N. Nelson, Sr., Individually and as Administrator of the Estate of Jacqueline Nelson, Deceased, by and through his undersigned counsel, Allison H. Greene, Esquire and the law firm of Robert Peirce & Associates, P.C., hereby requests that this Honorable Court grant relief from the automatic stay pursuant to 11 U.S.C. § 362 to allow the Movant to file a motion to discontinue the personal injury action against Comprehensive Healthcare Management Services, LLC d/b/a Brighton Rehabilitation and Wellness Center.

# BACKGROUND

1. On February 28, 2025, Movant Bruce N. Nelson, Sr., Individually and as Administrator of the Estate of Jacqueline Nelson, Deceased (hereinafter "Movant"), before the within Chapter 11 action was filed, commenced a suit by the filing of a Writ of Summons against Comprehensive Healthcare Management Services, LLC d/b/a Brighton Rehabilitation and Wellness Center (hereinafter "Brighton") as Defendant, in the Court of Common Pleas of Beaver County, Pennsylvania to recover damages for the personal injuries and wrongful death of the Plaintiff's Decedent and late mother, Jacqueline Nelson, on September 16, 2023, as a result of the Debtor's negligence.

2. The suit is now pending and bears Civil Action No. 10338-2025.

3. The suit does not yet have a trial date set.

4. On September 29, 2025 (the "Petition Date"), Brighton filed a Voluntary Petition for relief under Chapter 11 of the United States Bankruptcy Code (the "Code") under Case No. 1:25-bk-02775-HWV.

5. By the provisions of 11 U.S.C. §362, all persons are enjoined and stayed from commencing or continuing any suit against the respective Debtors.

6. Movant's counsel in the Civil Action became aware of Brighton's filing under Chapter 11 of the Bankruptcy Code pursuant to communications with defense counsel for Brighton in the Civil Action, as set forth more fully in paragraphs 1 through 3 above.

7. In light of the Bankruptcy, Movant has expressed to his counsel in the Civil Action that he no longer wishes to pursue the matter.

8. Therefore, Movant wishes to discontinue the Civil Action, fully understanding that the applicable statute of limitations has passed and the implications thereof.

9. If Movant's motion is granted, Movant will solely seek to file a motion to discontinue the civil action.

10. If Movant's motion is granted, Movant will not file a claim in this proceeding.

11. Movant's filing of a motion to discontinuance of the underlying suit will not hinder, burden, delay, or be inconsistent with this case.

## REQUESTED RELIEF

12. The automatic stay applies to bar the commencement or continuation of an action against Brighton. *See* 11 U.S.C. § 362 (a)(1). Movant requests relief from the stay to allow Movant to file a motion to discontinue the personal injury action against Brighton.

13. Movant requests entry of an order pursuant to Section 362(d)(1) of the Bankruptcy Code modifying the automatic stay to enable the Movant to file a motion to discontinue the personal injury action against Brighton. If Movant's motion is granted, Movant will not file a claim in this proceeding.

## BASIS FOR RELIEF

14. Pursuant to §362(d) of the Bankruptcy Code, the Court shall grant relief from the automatic stay for "cause". The term "cause" is not defined "leaving courts to consider what constitutes cause based on the totality of the circumstances in each particular case." *See Baldino v. Wilson (In re Wilson),* 116 F.3d 87, 90 (3d Cir. 1997).

15. In determining whether there is "cause" to modify the automatic stay, courts within the Third Circuit have considered whether: (a) any great prejudice to either the bankruptcy estate or the debtor will result from the continuation of the civil suit; (b) the hardship to the movant by maintenance of the stay considerably outweighs the hardship to the debtor; (c) the movant has a probability of prevailing on the merits. Additionally, the Court should consider the policies

underlying the automatic stay. *See, e.g.*, *In re Continental Airlines, Inc.*, 152 B.R. 420, 424 (Bankr. D. Del. 1993); *In re Lincoln*, 264 B.R. 370, 373 (Bankr. E.D. Pa. 2001).

16. Modifying the automatic stay to permit Movant to file amotion to discontinue the private action will not interfere with the bankruptcy proceedings but will assist the efficient administration of the bankruptcy estate by reducing the number of Creditors. *See In re Wilson*, 116 F.3d 87, 91 (3rd Cir. 1997) ("[I]t will often be more appropriate to continue their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many of the duties that may be handled elsewhere.").

WHEREFORE, Movant respectfully requests that this Court enters an order granting relief from the stay afforded by 11 U.S.C. §362 so as to permit Movant to file a motion to discontinue the aforementioned suit against Brighton pending in the Court of Common Pleas of Beaver County, Pennsylvania at 10338-2025.

Dated: November 21, 2025         Respectfully submitted,
                                 ROBERT PEIRCE & ASSOCIATES, P.C.


                                 By:*/s/ Allison H. Greene*
                                    ALLISON H. GREENE, ESQUIRE
                                    Pa. I.D. No.: 325648
                                    ROBERT PEIRCE & ASSOCIATES, P.C.
                                    437 Grant Street, Suite 1100
                                    Pittsburgh, PA 15219
                                    (412) 281-7229
                                    agreene@peircelaw.com