IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>COMPREHENSIVE HEALTHCARE MANAGEMENT SERVICES, LLC d/b/a BRIGHTON REHABILITATION AND WELLNESS CENTER<br><br>　　　　　　　　　　Debtor. | CHAPTER　　11<br><br>CASE NO.　　1-25-bk-02775-HWV<br><br>MATTER:　　Motion For Relief From Automatic Stay<br><br>DOC. NO. |
| DEBORAH E. VENSEL, Individually and as ADMINISTRATRIX of the Estate of ROCHELLE A. VOZAR, Deceased,<br><br>　　　　　　　　　　Movant,<br><br>vs.<br><br>COMPREHENSIVE HEALTHCARE MANAGEMENT SERVICES, LLC d/b/a BRIGHTON REHABILITATION AND WELLNESS CENTER,<br><br>　　　　　　　　　　Respondent. | |

**MOVANT'S MOTION FOR RELIEF
FROM AUTOMATIC STAY OF 11 U.S.C. §362**

　　Deborah E. Vensel, Individually and as Administratrix of the Estate of Rochelle A. Vozar, by and through her undersigned counsel, Allison H. Greene, Esquire and the law firm of Robert Peirce & Associates, P.C., hereby requests that this Honorable Court grant relief from the automatic stay pursuant to 11 U.S.C. § 362 to allow the Movant to proceed with a personal injury action against Comprehensive Healthcare Management Services, LLC d/b/a Brighton Rehabilitation And Wellness Center.

## BACKGROUND

1. On October 29, 2021, Movant Deborah E. Vensel, Individually and as Administratrix of the Estate of Rochelle A. Vozar (hereinafter "Movant"), before the within Chapter 11 action was filed, commenced suit by the filing of a Writ of Summons against Comprehensive Healthcare Management Services, LLC d/b/a Brighton Rehabilitation and Wellness Center (hereinafter "Brighton") as Defendant, in the Court of Common Pleas of Beaver County, Pennsylvania to recover damages for the alleged personal injuries and wrongful death of the Plaintiff's Decedent and late daughter, Rochelle A. Vozar, on November 4, 2019.

2. The suit is now pending and bears Civil Action No. 11419-2021.

3. Before the within Chapter 11 action was filed, the parties to the Civil Action agreed to a settlement in full and final resolution of the matter.

4. On September 29, 2025 (the "Petition Date"), Brighton filed a Voluntary Petition for relief under Chapter 11 of the United States Bankruptcy Code (the "Code") under Case No. 1:25-bk-02775-HWV.

5. By the provisions of 11 U.S.C. §362, all persons are enjoined and stayed from commencing or continuing any suit against the respective Debtors.

6. Movant became aware of Brighton's filing under Chapter 11 of the Bankruptcy Code pursuant to communications with defense counsel for Brighton in the Civil Action, as set forth more fully in paragraphs 1 through 3 above.

7. Brighton is the holder of an insurance policy (the "Policy") that is equal to or greater than the amount required by the Medical Care Availability and Reduction of Error ("MCARE") Act statute to-wit, $500,000.00.

8. Brighton, as a skilled nursing home, also receives an additional $500,000.00 as part of its insurance policy from state funds (the "MCARE fund") (the Policy and the MCARE fund are collectively the "Funds").

9. Wherein and whereby Brighton may utilize the Funds above to pay Movant's liquidated claim to the amount agreed upon during settlement, not exceeding a total of $1,000,000.00, in resolution of the Civil Action referred to in paragraphs 1 through 3 above.

10. The Policy was in full force and effect when the Movant made her claim in the underlying Civil Action and at the time of the injuries and damages suffered.

11. The face amount of Brighton's Policy and MCARE coverage is sufficiently large to satisfy Movant's claim, which has been liquidated.

12. Movant agrees not to execute or enforce the settlement in excess of the policy limits of the above-mentioned Funds.

13. In the event Movant is permitted to pursue the underlying suit, Movant will not file a claim in this proceeding.

14. The prosecution of the underlying suit will not hinder, burden, delay, or be inconsistent with this case.

15. Nothing in the within Motion shall be deemed an admission of liability by Brighton.

## REQUESTED RELIEF

16. The automatic stay applies to bar the commencement or continuation of an action against Brighton. *See* 11 U.S.C. § 362 (a)(1). Movant requests relief from the stay to recover the agreed upon settlement value for her liquidated claims against Brighton only from the available proceeds of its liability insurance policies.

17. Movant requests entry of an order pursuant to Section 362(d)(1) of the Bankruptcy Code modifying the automatic stay to enable Movant to proceed with the Civil Action against Brighton. Movant seeks to continue an action against Brighton for which Movant believes there is coverage under Brighton's applicable liability policies. If Movant's motion is granted, Movant will limit her claim against Brighton only to the extent of any available and applicable insurance coverage.

## BASIS FOR RELIEF

18. Pursuant to §362(d) of the Bankruptcy Code, the Court shall grant relief from the automatic stay for "cause". The term "cause" is not defined "leaving courts to consider what constitutes cause based on the totality of the circumstances in each particular case." *See In re Wilson*, 116 F.3d 87, 90 (3d Cir. 1997).

19. In determining whether there is "cause" to modify the automatic stay, courts within the Third Circuit have considered whether: (a) any great prejudice to either the bankruptcy estate or the debtor will result from the continuation of the civil suit; (b) the hardship to the movant by maintenance of the stay considerably outweighs the hardship to the debtor; (c) the movant has a probability of prevailing on the merits. Additionally, the Court should consider the policies underlying the automatic stay. *See, e.g., In re Continental Airlines, Inc.*, 152 B.R. 420, 424 (Bankr. D. Del. 1993); *In re Lincoln*, 264 B.R. 370, 373 (Bankr. E.D. Pa. 2001).

20. Permitting Movant to participate in the private action is the most efficient way to resolve the Movant's claim against Brighton. Movant seeks recovery only against Brighton's insurance providers. *See In re Wilson*, 116 F.3d 87, 91 (3rd Cir. 1997) ("[I]t will often be more appropriate to continue their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court

from many of the duties that may be handled elsewhere."). Continuance of the private action will not interfere with the bankruptcy proceedings but will assist the efficient administration of the bankruptcy estate.

21. Courts within the Third Circuit have also found that Debtors do not have a significant interest protected by the automatic stay in the proceeds of the liability insurance policies. *See, e.g.*, *In re 15375 Mem'l Corp.*, 386 B.R. 548 (Bankr. D. Del. 2008)[1] (finding that the court need not definitively determine whether the automatic stay applies to the proceeds of the Debtors' liability insurance policies because such an interest is sufficiently insignificant as not to support the continued imposition of an automatic stay). No advantage over other unsecured creditors will result as Movant's liquidated claims will presumably be paid by applicable insurance proceeds and not Brighton's estate. Brighton's creditors' interests will not be prejudiced by the modification of the automatic stay for purposes of allowing claims against Brighton, to the extent of any bond or insurance coverage arising from the facts of the private action.

22. Great prejudice will result to Movant if this relief is not granted. Movant suffered the loss of her daughter, the Estate has incurred expenses, and the Decedent underwent much suffering and harm as has been set forth in the Complaint. Movant's right to seek civil justice has and will be stymied by Brighton's bankruptcy filing.

---

[1] Of note, *In re 15375 Mem'l Corp.*, 386 B.R. 548 (Bankr. D. Del. 2008) was reversed and remanded for dismissal in *In re 15375 Mem'l Corp.*, 400 B.R. 420 (D. Del. 2009). While the Bankruptcy Court did lift the automatic stay, it also found that the Debtor acted in good faith in filing for Chapter 11 Bankruptcy and therefore did not dismiss the bankruptcy proceedings. The District Court of Delaware subsequently found that the Debtor did not act in good faith in filing for Chapter 11 Bankruptcy, and did so, in part, to avail itself of the benefits of the automatic stay. For this reason, the District Court remanded for the dismissal of the bankruptcy proceedings. However, the dismissal did not disturb the findings of the Bankruptcy Court cited by Movant here and as such *In re 15375 Mem'l Corp.*, 386 B.R. 548 (Bankr. D. Del. 2008) remains the guiding authority on Debtor's lack of interest in any proceeds of the liability insurance policies.

23. Even a slight probability of success on the merits may be sufficient to warrant a relief of stay. *In re Continental Airlines, Inc.*, 152 B.R. at 426. In this case, Movant seeks only to recover on her liquidated claim against insurance and other non-debtor sources, if any. In such instances, lifting the stay has been permitted. *In re 15375 Mem'l Corp.*, 386 B.R. at 555.

WHEREFORE, Movant respectfully requests that this Court enters an order granting relief from the stay afforded by 11 U.S.C. §362 so as to permit her to continue the aforementioned suit against Brighton pending in the Court of Common Pleas of Beaver County, Pennsylvania at 11419-2021.

Dated: December 9, 2025

Respectfully submitted,

ROBERT PEIRCE & ASSOCIATES, P.C.

By: */s/ Allison H. Greene*
ALLISON H. GREENE, ESQUIRE
Pa. I.D. No.: 325648
ROBERT PEIRCE & ASSOCIATES, P.C.
437 Grant Street, Suite 1100
Pittsburgh, PA 15219
(412) 281-7229
agreene@peircelaw.com