IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Chapter 11 |
| COMPREHENSIVE HEALTHCARE MANAGEMENT SERVICES, LLC d/b/a BRIGHTON REHABILITATION AND WELLNESS CENTER, | Case No. 1:25-bk-02775-HWV |
| Debtor, | |
| BRANDEN A. FULCINITI, as Administrator of the Estate of KEVIN J. VAN KIRK, | |
| Movant, | |
| vs. | |
| COMPREHENSIVE HEALTHCARE MANAGEMENT SERVICES, LLC d/b/a BRIGHTON REHABILITATION AND WELLNESS CENTER, | |
| Respondent. | |

**MOTION FOR RELIEF FROM AUTOMATIC STAY UNDER 11 U.S.C. § 362**

AND NOW, comes Branden A. Fulciniti, as Administrator of the Estate of Kevin J. Van Kirk, by and through his attorneys, Kristin E. Hoffman, Esquire, and Woomer & Talarico, and files the instant Motion for Relief from Automatic Stay Under 11 U.S.C. § 362 as follows:

**I.     Jurisdiction and Venue**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

3. Venue is proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory and legal predicate for the relief requested herein are section 362(d) of the Bankruptcy Code and Bankruptcy Rule 4001(a).

## II. Factual Background and Procedural History

5. On July 28, 2023, Decedent, Kevin J. Van Kirk (hereinafter "Decedent") commenced this action by the filing of a Praecipe for Writ of Summons. On October 11, 2023, Decedent passed away. On February 16, 2024, Branden A. Fulciniti was granted Letters of Administration by the Beaver County Register of Wills & Clerk of Orphans' Court. On February 22, 2024, Branden A. Fulciniti commenced an action styled Branden A. Fulciniti, as Administrator of the Estate of Kevin J. Van Kirk v. Comprehensive Healthcare Management Services, LLC d/b/a Brighton Rehabilitation and Wellness Center (Case No. 2023-11019) in the Court of Common Pleas of Beaver County, Pennsylvania against, *inter alia*, Comprehensive Healthcare Management Services, LLC (hereinafter the "Fulciniti Action"). *See* Complaint in Civil Action, (attached hereto as "Exhibit A"). It is a survival action arising from a professional negligence/deliberate indifference event in which Mr. Kevin Van Kirk suffered bodily injury and emotional trauma as a result of the Defendant's negligence in failing to provide Mr. Kevin Van Kirk with a safe environment and failing to take adequate measures to prevent him from being attacked.

6. On September 29, 2025, Comprehensive Healthcare Management Services, LLC (hereinafter "Debtor"), filed a voluntary petition for relief under Chapter 11 of the United States Code in the United States Bankruptcy Court for the Middle District of Pennsylvania.

7. Pursuant to 11 U.S.C. 362(a), Debtor's filing of the bankruptcy petition operates as an automatic stay on pending actions against the Debtor and the Debtor's property, including the Fulciniti Action.

8. Debtor is the holder of an insurance policy (hereinafter the "Policy") that is equal to or greater than the amount required by the Medical Care Availability and Reduction of Error ("MCARE") Act statute to-wit, $500,000.00.

9. Debtor, as a skilled nursing home, also receives an additional $500,000.00 as part of its insurance policy from state funds (the "MCARE fund") (the Policy and the MCARE fund are collectively referred to as the "Funds").

10. Wherein and whereby Debtor may utilize the Funds to pay all sums, not exceeding a total of $1,000,000.00, should Debtor become liable to pay damages imposed upon it by law for injury sustained by any person, if caused by the negligence referred to in paragraph 1 above.

11. The Policy was in full force and effect when the Movant made his claim in the underlying Civil Action and at the time of the injuries and damages suffered.

12. The face amount of Debtor's Policy and MCARE coverage is sufficiently large to satisfy Movant's claim.

13. In the event of a verdict in favor of the Movant in the underlying action in excess of the Policy limits, the Movant agrees not to execute or enforce the judgment for the excess amount.

14. In the event Movant is permitted to pursue the underlying suit, Movant will not file a claim in this proceeding.

15. The prosecution of the underlying suit will not hinder, burden, delay, or be inconsistent with this case.

16. Nothing in the within Motion shall be deemed an admission of liability by Debtor.

**III.    Relief Requested**

17. The automatic stay applies to bar the commencement or continuation of an action against Debtor. See 11 U.S.C. § 362(a)(1). Movant requests relief from the stay to liquidate his claims against Debtor in order to establish Debtor's liability as a predicate to potential recoveries only from the available proceeds of its liability insurance policies.

18. Movant requests entry of an order pursuant to Section 362(d)(1) of the Bankruptcy Code modifying the automatic stay to enable Movant to proceed with the private action against Debtor. Movant seeks to continue an action against Debtor for which Movant believes there is coverage under Debtor's applicable liability policies. If Movant's motion is granted, Movant will limit his claim against Debtor only to the extent of any available and applicable insurance coverage.

### IV. Basis for Relief

19. Under 11 U.S.C. § 362(d)(1), the court shall grant relief from the automatic stay for cause, "including the lack of adequate protection of an interest in property of such party in interest."

20. "Cause" is not defined in Title 11, and therefore whether "cause" exists to lift the stay must be decided on a case-by-case basis. *In re Reitnauer*, 152 F.3d 343 n. 4 (5th Cir. 1998) (*citing Robbins v. Robbins*, 964 F.2d 342, 345 (4th Cir. 1992).

21. Bankruptcy courts have found cause to lift a stay where the stayed litigation in question involves a claim based upon a wrongful death tort, on the basis that the bankruptcy court cannot liquidate the creditor's claim and thereby value the debt. *See, e.g.*, *In re Ze'Kiya Arleashia Knox*, 639 B.R. 637 (Bankr. D.S.C. 2022); *In re Fowler*, 259 B.R. 856 (Bankr. E.D. Tex. 2001).

22. Likewise, in the instant case, Mr. Fulciniti's claim against the Debtor is solely based upon a survival action tort. Proceedings on a claim for a "survival action tort" are not core proceedings for which a bankruptcy court can enter a final judgment. 28 U.S.C. §§ 157(b)(2)(B), (O). Rather, survival action claims must be litigated in the district or state court in which they arose. 28 U.S.C. § 157(b)(5).

23. Accordingly, this court cannot fairly determine the value of Mr. Fulciniti's wrongful death claim against Debtor, and the stay should be lifted to allow the Court of Common Pleas in Beaver County, Pennsylvania to do so. If Mr. Fulciniti is not granted relief from the stay, he has no remedy in any court until Debtor's bankruptcy proceedings have concluded. Granting Mr. Fulciniti the requested relief would, thus, be in the best interest of judicial efficiency and the benefit of all parties.

24. Furthermore, it has been noted that "[t]he easiest ground that 'cause' exists in favor of an unsecured creditor is when the creditor seeks to recover from non-estate property, such as under an insurance or indemnity agreement" because hardship to the debtor is likely to be outweighed by hardship to the creditor. *In re Borbridge*, 81 B.R. 332, 335 (Bankr. E.D. Pa. 1988) (*citing* 2 Collier on Bankruptcy, § 362.07(3)); *see also Merriman v. Fattorini (In re Merriman)*, 616 B.R. 381 (B.A.P. 9th Cir. 2020) (in which the court lifted a stay on pending wrongful death litigation where the action involves exclusively state law claims against multiple defendants).

25. With respect to the Fulciniti Action, Mr. Fulciniti seeks only to recover from Debtor's applicable liability insurance policy(ies) and not from the property of the bankruptcy estate.

26. Accordingly, the bankruptcy estate is unlikely to be prejudiced if the stay on the Fulciniti Action is lifted. If the stay is not lifted, however, Mr. Fulciniti will continue to suffer great hardship. The balance of equities weighs strongly in Mr. Fulciniti's favor, and, therefore, cause should be found to lift the stay on the Fulciniti Action in accordance with 11 U.S.C. § 362(d)(1).

WHEREFORE, for the reasons stated above, Mr. Fulciniti respectfully requests that this Honorable Court grant his Motion for Relief from Automatic Stay Under 11 U.S.C. § 362(d)(1).

Woomer & Talarico

BY: **/s/ Kristin E. Hoffman**
Kristin E. Hoffman, Esquire
*Attorney for Movant*
PA I.D. # 325751

Three Parkway Center, Suite 300
Pittsburgh, PA 15220
Tele # (412) 388-0848