IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | No. 1:25-bk-02775-HWV |
| COMPREHENSIVE HEALTHCARE | : | |
| MANAGEMENT SERVICES, LLC | : | Chapter 11 |
| d/b/a BRIGHTON REHABILITATION | : | |
| AND WELLNESS CENTER | : | |
| | : | |
| Debtor | : | |

## ORDER APPROVING POST-PETITION INSURANCE PREMIUM FINANCING ON AN INTERIM SECURED BASIS

UPON CONSIDERATION of Debtor's Emergency Motion for Authority to Enter into Insurance Premium Financing Agreement ("Motion"), filed by Comprehensive Healthcare Management Services, LLC d/b/a Brighton Rehabilitation and Wellness Center ("Debtor") having come this day before the Court, and the Court having considered such Motion, Notice of the Motion, and it appearing that it is in the best interests of the Debtor and its bankruptcy estate to grant the borrowing authority herein described, and it further appearing that the grant of borrowing authority on a secured basis along with administrative expense priority status is necessary to avoid immediate and irreparable harm to this bankruptcy estate and its creditors, and for cause shown, it is

**HEREBY ORDERED** as follows:

1. The Motion is granted.

2. The Debtor may enter into and perform under an insurance premium financing agreement ("PFA"), in the form attached to the Motion, with P&G Brokerage, Inc. ("P&G") with respect to general liability and casualty insurance, property insurance, motor vehicle insurance, and other coverage as set forth in the PFA (collectively, the "Policies") and granting a first priority security interest in the Collateral referenced in the PFA (collectively, the "Collateral"), which security interest is and shall be perfected without the need for filing any UCC-1 financing statement in any jurisdiction.

3. In the event that upon cancellation of the Policies as financed by P&G any unearned or returned premiums received by P&G are insufficient to pay the amount then owed by the Debtor to P&G, then any remaining amount owing to P&G, including reasonable attorneys' fees, shall be allowed and given priority as an administrative expense under 11 U.S.C. §503 with priority over all other administrative expenses except for fees and expenses for services of professionals, quarterly fees payable to the Office of the United States Trustee, if any.

4. The Debtor is authorized and directed to execute and deliver such documents and such amendments to the PFA as Debtor may deem necessary or desirable to carry out this Order and that do not expand any rights hereby granted to P&G.

5. The reversal or modification on appeal of the authorization provided in this Order or under U.S. Bankruptcy Code Section 364 shall not affect the validity of the debt, priority, or lien granted to P&G under this Order, as provided by U.S. Bankruptcy Code Section 364(e), including but not limited to the contents of Paragraphs 2 and 3 herein.

6. Subject to any limitations on their authority to use cash collateral, Debtor is authorized and directed to timely make all payments due under the PFA and P&G be authorized to receive and apply such payments to the indebtedness owed by the Debtor to P&G as provided in the PFA. Notwithstanding any provision to the contrary in any PFA entered into by Debtor, payments shall be made from Debtor's Debtor-in-Possession Operating Account at CIBC Bank USA.

7. If Debtor does not timely make any of the payments due under the PFA as they become due, the automatic stay shall automatically lift to enable P&G and/or third parties, including insurance companies providing the Coverage under the Policies, to take all steps necessary and appropriate to cancel the Policies, collect the Collateral and apply such Collateral to the indebtedness owed to P&G by the Debtor. In exercising such rights, P&G and/or third parties shall comply with the notice and other relevant provisions of the PFA and P&G shall provide notice of any such payment default to counsel for the Debtor, prior to initiating steps to cancel the Policies.

8. Notwithstanding any provision to the contrary in any PFA entered into by Debtor, the pendency of the above-captioned bankruptcy case shall not be considered an event of default thereunder.

9. This Order shall be binding on the Debtor and its estate, and all successors and assigns of the Debtor and its estate, including but not limited to any trustee appointed in the Debtor's bankruptcy case under Chapter 11 of the U.S. Bankruptcy Code. The rights of P&G under the PFA and applicable state law shall not be impaired by the appointment of a trustee, the conversion of this case to one under Chapter 7 of the U.S. Bankruptcy Code, or any other provision of the U.S. Bankruptcy Code. Notwithstanding anything to the contrary set forth herein, in the event of conversion of this case to one under Chapter 7 of the Bankruptcy Code, nothing herein shall bind any trustee appointed after such conversion and all rights are reserved as to any future Chapter 7 trustee.

10. No stay imposed under Rule 4001 Fed.R.Bankr.P., or otherwise, is applicable hereto.

11. This Court retains exclusive jurisdiction with respect to all disputes or other matters arising from or related to the implementation, interpretation, and enforcement of this Order or the PFA.

12. This Court shall conduct a final hearing on the Motion on **February 10, 2026 at 10:30 a.m.** prevailing time, or as soon thereafter as the parties may be heard, which hearing shall be conducted in the U.S. Bankruptcy Courtroom, 1501 N 6th Street, Fourth Floor, Courtroom 4B, Harrisburg, Pennsylvania.

13. Any and all Objections to the Motion must be filed with the Clerk of the United States Bankruptcy Court on or before February 9, 2026 after the date hereof, with a copy served on Debtor's counsel, Robert E. Chernicoff, Esquire, 2320 North Second Street, Harrisburg, PA 17110, such that he receives such Objection on or before February 9, 2026 from the date hereof. Any Objection shall conform to the Rules of Bankruptcy Procedure. If no timely objection is to the Motion, the Motion may be granting without further hearing.

14. Debtor's counsel shall provide Notice hereof to all creditors and parties in interest, no later than the second business day after entry of this Order.